HINDS v. HINCHMAN-RENTON FIREPROOFING CO.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1908.)

No. 2,726.

1. APPEAL AND ERROR (§ 216*)—REVIEW—INSTRUCTIONS.

The charge of the court in an action at law, or the manner in which the cause was submitted to the jury, cannot be reviewed, unless the court's attention was called to the particular matters objected to or omitted, by requests to instruct or otherwise, and exceptions taken to its rulings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 627, 628; Dec. Dig. § 216.*]

2. CONTRACTS (§ 321*)—CONSTRUCTION—IMPLIED CONDITIONS.

A contract for a building, for which the owner was to do the excavating, which bound the contractor to have his workmen on the ground in two weeks after being notified and to complete the work within a stated time thereafter, by implication imposed upon the owner an obligation to be ready for the workmen when they came after such notification, and the contractor may recover damages for loss of time resulting from a breach of such obligation.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1508, 1519; Dec. Dig. § 321.*]

In Error to the Circuit Court of the United States for the District of Colorado.

William P. Malburn (Charles S. Thomas and W. H. Bryant, on the brief), for plaintiff in error.

George S. Redd (George Stidger and John Horne Chiles, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. This litigation arose out of a contract between the plaintiff in error and the defendant in error, whereby the latter undertook to do certain work and furnish certain materials in constructing for the former a building to be used as a mill for treating ores. The principal contract was in writing, specifying the character of the work to be done and materials to be furnished in the structure. In addition to asking judgment for a balance claimed as on perform-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ance of the contract, claim was also made on a quantum meruit for extra work done and materials furnished beyond the specifications of the written contract. The answer raised the issue of noncompliance on the part of the defendant in error with the terms of the written contract, by reason of the work having been badly done and the employment of improper materials. Issue was also made as to the liability for certain items in the account for extra work, especially as to the item, amounting to $825, claimed as damages for the value of time lost and expenses incurred by the defendant in error while its employés were waiting on the ground to go to work, occasioned by the alleged failure of the plaintiff in error to have the foundation for the building ready for the superstructure work to be done by the defendant in error. The plaintiff in error then pleaded a counterclaim for damages, predicated of the unworkmanlike manner in which the work had been done, and the employment, in the construction, of improper material, necessitating the taking down and reconstruction of a part of the building at great cost. The case was tried to a jury, which returned a general verdict in favor of the defendant in error for the sum of $3,740.32.

Many errors are assigned on the charge given by the court to the jury, none of which this court can consider, for the reason that no exceptions thereto were taken at the trial. The court's attention was not called to any claimed error in the charge, so as to accord to the trial judge his locus pœnitentiæ; nor did counsel present any request for declarations of law, directing the attention of the court to the particular matters which they now claim were not embraced in the charge. As this is a law action, and this court can only review errors, to invoke its supervisory jurisdiction the errors complained of must have been manifested by the rulings of the trial court, duly excepted to, and specified in the assignment of errors. For instance, it is urged by counsel for defendant in error that, as the construction company had itself broken the contract, the action should have been predicated of a quantum meruit. The vice of this contention, in the first instance, lies in the fact that there was nothing on the face of the petition to indicate that the defendant in error had not in all respects kept and performed the written contract. If the fact was that it had in any respect breached the contract, it was developed only on the trial, and that was a matter to be submitted to and passed upon by the jury. If the plaintiff in error desired a finding by the jury on that particular issue, he should have, by requested instruction, directly presented it, or, if the court omitted in its charge to sufficiently submit it, it devolved upon the party complaining, by appropriate and timely action, to have called the court's attention thereto, and duly excepted to its rulings, if claimed to be erroneous. This counsel did not do.

Especial contention is made that the claim predicated of said item of $825, on account of loss of time by the workmen, is not sustainable, for the reason that such liability is not within the terms of the written contract. This contract was in the form of a letter from the defendant in error to the plaintiff in error, submitting the terms, and the written acceptance thereof by the plaintiff in error. The paragraph on which the claim in question was predicated is as follows:

"We will have our outfit on the ground in two weeks after being notified, and will complete the work, estimated at 3.000 cubic yards more or less, in 60 days after the same is ready for use. It is understood that you are to do all the excavating, and are to furnish all crushed stone and screenings, so as not to delay us."

The obligatory promise to have the company's outfit on the ground ready for work in two weeks after notice, and to complete the work within a given time thereafter, carried with it the implied agreement of the other party to be ready for the working outfit when it came after such notification. This mutuality of obligation carried with it accountability on the part of the plaintiff in error for the loss of time necessarily occasioned by the detention of the workmen from entering upon the construction work, after having been brought on the ground on notice from him that the preparatory excavation work was ready for the superstructure. This rule of law is aptly stated by Wagner, J., in Lewis v. Atlas Mutual Life Insurance Company, 61 Mo., loc. cit. 538, as follows:

"It very frequently happens that contracts on their face and by their express terms appear to be obligatory on one party only; but in such cases, if it be manifest that it was the intention of the parties, and the consideration upon which one party assumed an express obligation, that there should be a corresponding and correlative obligation on the other party, such corresponding and correlative obligation will be implied, as, if the act to be done by the party binding himself can only be done upon a corresponding act being done or allowed by the other party, an obligation by the latter to do or allow to be done the act or things necessary for the completion of the contract, will be necessarily implied. Pordage v. Cole, 1 Wm. Saund. 319; Churchward v. The Queen, 6 B. & S. 807; Black v. Woodrow, 39 Md. 194."

The answer itself, in effect, concedes that the obligation alleged in the petition was imposed upon the plaintiff in error by the contract, as, after admitting the contract, it pleads facts in extenuation and mitigation. Furthermore, no such question was raised below by the plaintiff in error, nor was the trial court asked to rule thereon.

Counsel for plaintiff in error have presented an elaborate analysis of the testimony to support their contention that the jury must have allowed in any event too much to the defendant in error on account of this item and too little on the counterclaim. The insuperable difficulty in the way of any consideration of these contentions lies in the fact that counsel for plaintiff in error utterly failed to so present such questions on the trial as to enable this court to review them. As already stated, all the issues involved in the pleadings were submitted in mass to the jury, and there was a general verdict. So far from counsel, if they desired to keep the issues submitted to the jury distinct, by requesting the court to direct them to return separate findings, for instance, as to how much was owing on the written contract, how much on the items for extra work, and how much on the item of $825, and how much, if any, they found on the counterclaim, before the jury retired the court made the following inquiry of counsel:

"Do you want two verdicts, gentlemen—one on the complaint and one on the cross-complaint—or one verdict? If you take two verdicts, you will have to consent that the court may strike a balance and enter judgment accordingly; otherwise, I will direct the jury to return one verdict."

Judge Stimson, on behalf of the plaintiff in error, replied:

"So far as the defendant is concerned, we will be satisfied with one form of verdict."

As the jury returned a verdict in a sum less than that sued for and less than that finally conceded by the defendant in error to be recoverable by it, it is practically impossible from the record for this court to determine what items or claims entered into the calculations of the jury constituting the sum of the verdict; and the trial court by its inquiry indicated to counsel how they might avoid the complication into which they walked, and they now assign their mistake as an error of the court.

Other errors are assigned; but they are, in our opinion, without merit. It results that the judgment of the Circuit Court must be affirmed.