CITY OF ATLANTIC CITY, APPELLANT, v. FARMERS SUPPLY AND PRODUCTS COMPANY ET AL.. RESPONDENTS.

Argued June 27, 1921—Decided November 14, 1921.

1. A party contracting with another party to perform a work has the right to proceed free from the hindrance of the other party, and if the latter prevents the doing of the work to such an extent as to render the performance difficult, and largely diminish the profit, or increase the cost, the contractor may lawfully abandon the performance.
2. Where a contract imposes an obligation on one party to perform an act with no express obligation by the other, but it is the manifest intention of the parties to be inferred from the nature of the contract that the other perform a correlative duty, without which performance cannot be accomplished, such correlative duty will be implied and its willful or careless omission will justify the abandonment of the contract by the obligor.
3. A vast number of reasons for reversal, most of them without legal merit. should not be filed, as they tend to confuse the real issue and do not aid the court but cast on it a useless burden.

---

On appeal from the Atlantic County Circuit Court.

For the appellant, *Frank M. Sooy* and *Joseph B. Perskie.*

For the respondents, *Thompson & Hanstein.*

The opinion of the court was delivered by

BERGEN, J.   In this case one hundred and twenty-two reasons as grounds for reversal have been filed by the plaintiff, as appellant, which have been argued generally without reference to the record showing exceptions.   We deem it our duty to deprecate the display on the record in this cause of so many reasons for reversal, a vast majority of which have no legal merit, and are dealt with in plaintiff's brief by reference to a combination of numbers without pointing out where the testimony to which they refer appears in the record, thus casting on the court an unnecessary burden.   Such a brief does not aid the court, but, on the contrary, makes it difficult to ascertain the real objections argued.   Very few cases require such prolixity, and certainly this case does not.   *Trenton Banking Co. v. Rittenhouse, ante p.* 450.   This action was brought by the city of Atlantic City against the defendant as a contractor for the removal of garbage, the basis of the action being that the defendant refused performance without legal justification.   The defendant also filed a counter-claim setting up that a part of the consideration for the contract was the profit which the defendant would make from the treatment of the garbage so as to produce a by-product, and that, because of the condition of the garbage which contained refuse matter expressly exempted by the contract, its treatment for the purpose intended was prevented to the great damage of the defendant.   The trial court admitted evidence in the support of this defence, but in charging the jury it eliminated all the evidence regarding the counter-claim and expressly instructed the jury that it must confine itself to the issue whether the defendant had the right to abandon the contract, and that they were to disregard all the evidence relating to the counter-claim, the effect of which amounted to a direction against the defendant on its counter-claim.   The jury found generally in favor of the defendant and the plaintiff has appealed.   The defendant also appeals from the action of the court in eliminating its counter-claim.   The difficulty with the defendant's appeal is that no exception was taken to the action of the court in thus eliminating the counter-claim.   A

careful examination of the record fails to disclose any exception taken by the defendant, and it is not pointed out where any such exception could be found by the defendant in its brief; therefore, so far as the defendant's appeal is concerned, the judgment will be affirmed.

Turning to the appeal of the plaintiff we find that the contract provides for the collection and disposition of all the garbage and dead animals in Atlantic City for the period of five years, from September 1st, 1916; that the term "garbage" is defined to mean "all refuse of animal and vegetable matter which has been used as food for man, and all refuse, animal and vegetable matter, which was intended to be so used, and also food condemned by the health department, offered to the contractor, but shall not include, and the contractor shall not be required to remove oyster and clam shells, waste paper, rubbish, cans or similar refuse. The term 'dead animals' means all dead animals or parts thereof not intended to be used as food for man." The record shows that the garbage offered for removal contained about thirty-five per cent. of the matters excluded by the contract; that complaint was made by the contractor to the city of this condition, and the city undertook for a limited period to prevent its residents from combining with the garbage as defined by the contract, oyster shells, rubbish and other materials which were expressly excluded, but for some reason soon abandoned that effort; that the contractor, not being offered by the city the character of garbage it was bound to collect and dispose of, refused further collection and abandoned the contract, and thereupon the city brought this suit to recover damages for the non-performance of the contract.

According to the plaintiff's brief the first reason for reversal is the admission of the evidence of the witness McKeever, the result of which, according to the plaintiff's brief, was to give the jury a basis upon which to estimate the damages the defendant had sustained by the reason of the citizens mixing the garbage with foreign substances, which it is claimed should have been excluded at the beginning of the case. This evidence all related to the defendant's counter-claim which the

court expressly directed the jury it should disregard, but the argument of the appellant is based upon the supposition that the jury would disregard the instruction of the court and consider evidence which it had expressly directed them not to, and which by their verdict they did not. It cannot be said that this course of conduct was an error which requires a reversal of this judgment, otherwise all evidence, once admitted in a cause but afterwards stricken out by the court because upon reflection it was not deemed competent, would result in an incurable error, although beneficial to the party complaining, and who sought its exclusion.

The next point made is that it was improper to admit evidence of the various complaints to the plaintiff made by the defendant because of the intermingling of garbage with rubbish. There was no error in the admission of this testimony, because by the terms of the contract defendant was entitled to have all garbage offered, free from rubbish, which the contract expressly excluded, and although the contract did not expressly require the city to offer the garbage in the condition contracted for, the law will imply a covenant that the city will perform a correlative duty, if it is the manifest intention of the parties, and cannot by its own act prevent the contractor from performing the contract according to its terms. It is quite obvious from the terms of this contract that it was the intention of the parties that the city should co-operate to the extent of offering the character of garbage contracted to be collected, and the contract did not require the contractor to go to the expense of separating the garbage, and if the city did not do its duty but by its conduct did, willfully or carelessly, create a condition which imposed an additional burden on the contractor, it had a right to complain to the city in order that it might remedy this illegal condition. As was said by the Supreme Court of the United States in *Anvil Mining Co.* v. *Humble et al.,* 153 *U. S.* 540: "Generally speaking, it is true that when a contract is not performed, the party who is guilty of the first breach is the one upon whom rests the liability for the non-performance. A party who engages to do work has a right to proceed free from any hindrance from the other

party; and if such party interferes, hinders and prevents the doing of the work to such an extent as to render its performance difficult, and largely diminish the profits, the first may treat the contract as broken, and is not bound to proceed under the added burden and increased expense." It was therefore competent for the defendant to show that before it abandoned the contract notice of the condition was given to the city with the request that a remedy be provided. Where a contract obliges one party to perform it, and its performance, within the intention of the parties, requires the performance of a correlative obligation by the other party, such obligation will be implied. As stated in *Lewis* v. *Atlas Mutual Life Insurance Co.*, 61 *Mo.* 538: "It very frequently happens that contracts, on their face, and by their express terms, appear to be obligatory on one party only; but in such cases, if it be manifest that it was the intention of the parties, and the consideration upon which one party assumes an express obligation, that there should be a corresponding and correlative obligation on the other party, such corresponding and correlative obligation will be implied, as, if the act be done by the party binding himself can only be done upon the corresponding act being done, or allowed, by the other party, an obligation by the latter to do, or allow to be done, the act or things necessary for the completion of the contract will be necessarily implied." This statement of the legal rule was approved in *Hinds* v. *Hinchman-Renton Fireproofing Co.*, 91 *C. C. A.* 325.

The next point made is that certain photographs and letters were admitted in evidence, but, as some of these relate to the counter-claim, they were all eliminated by the instruction given by the court. As to the others it showed the condition in which the garbage was placed, ready to be collected as intermingled with shells, tin cans and other rubbish. They were competent to show that condition.

The next point made is that the trial court instructed the jury that it was practically impossible to separate the rubbish from the garbage and that the plaintiff could not recover. What the court did say was that it had been testified that it

was practically impossible to separate the rubbish from the garbage, and in considering that matter the jury were also justified in considering the fact that the contract made by the city was for the benefit of the residents. "Now did these, for whom the contract was made, by their acts, render the contract impossible to perform?" If it was a fact that the city, or those for whose benefit the contract was made, did by their act render the contract impossible to perform, then the contractor had a right to refuse to continue the collection of the garbage, but it was also charged, in this connection, that if the jury should find from the testimony that although there was some intermingling it was not of such a general or continuous happening that the garbage which was not mixed could have been collected, it would have been the duty of the contractor to collect such garbage as was not intermingled, permitting the rest to remain. This was not error because one party cannot by its acts prevent the contractor from performing its contract and then hold him responsible.

The next point to be considered is the refusal to direct a verdict for the plaintiff. The question to be determined was whether the contractor was legally justified in abandoning its contract, and that depended upon questions of fact, the principal one being whether the city by its acts, willful or careless, permitted the garbage offered under the contract to be so impregnated with forbidden matter as to prevent the defendant from performing its contract without, at least a large additional expense, and that was a question for the jury.

We have examined, as well as the shape of the record will permit, the residue of the numerous reasons given for reversal and find them without merit.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—None.