ABRAHAM A. COHEN and ANNIE COHEN, complainants-appellants,

*v.*

BENJAMIN COHN, defendant-appellee.

[Submitted October 29th, 1927.    Decided February 6th, 1928.]

1. Parol evidence is not admissible which, conceding the existence and delivery of a written contract and that it was at one time effective, seeks to nullify, modify or change the obligation itself, by showing that it is to cease to be effective or is to have an effect different from that stated therein, upon certain future contingencies or conditions, for such evidence varies or contradicts the terms of the writing.

2. A contract for the sale of real estate was executed and delivered. It was partly performed by the payment and acceptance of a part of the purchase-money. It contained a provision that in case of default in the performance by the vendor, he should pay the vendee $500 as liquidated damages. At the trial of the vendee's suit for specific performance the vendor admitted that thereunder he became liable in that amount, but testified, over objection, that at the time the contract was executed he was having trouble with his children, and that it was then orally agreed between the parties that, in the event that he became reconciled with them before the time for performance arrived he was not to convey the property to the vendee. *Held*, that such testimony was not legally admissible, and that, since no lawful excuse for failure to make the conveyance appeared, specific performance should be decreed.

3. Although a contract for the sale of real estate contains a provision for liquidated damages in case of a breach, where such provision is intended merely to secure performance, and not to give an option either to perform or to pay damages, the court of chancery, in a vendee's suit for specific performance, will disregard the provision and enforce performance.

On appeal from a decree of the court of chancery.

*Mr. Edward F. Merrey,* for the appellants.

*Mr. Wood McKee* and *Mr. Morris Metz Cohn,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

The bill in this case was filed to compel the performance of a contract in writing for the sale of a piece of real estate in Paterson, the complainants being the intending vendees and the defendant the vendor. The contract, drawn by the vendor himself, provided for the transfer of the title for the purchase price of $45,000, of which $2,000 was to be paid upon the execution of the agreement and the remainder in the manner specified therein. The conveyance was to be made on January 2d, 1926, but when the time for performance arrived the defendant refused to make the deed. His contention was and is that his refusal was justified because, as he testified, that at the time the contract was executed he was having trouble with his children, and that it was then orally agreed between the parties that, in the event that he became reconciled with them before the time for performance arrived, he was not to convey the property to the complainants, but he was to pay them $500 as liquidated damages for failure to perform, and that such reconciliation actually took place before the time for performance arrived. The testimony supporting this contention on the part of the defendant was objected to, but was admitted, and the vice-chancellor considered that the evidence justified him in refusing to decree specific performance. Accordingly he advised a decree dismissing the bill.

The theory upon which that conclusion was based was that it was open to the defendant to prove by oral testimony that the agreement was not to become effective unless a reconciliation between the defendant and his children had not taken place before the time fixed for the delivery of the deed, and that the proofs showed that this was the arrangement between the parties.

It seems to us that the learned vice-chancellor misconceived the situation. The defendant's proofs did not show that the agreement was not to have life unless the quarrel between the defendant and his children continued to exist at the time of the performance of the contract. On the contrary,

the proofs conclusively showed that the contract was a valid and existing one. The contract was actually executed and delivered; it was partly performed by the payment of $2,000 on account of the purchase-money and the acceptance and retention of that payment. It contained a provision that, in case of default in the performance of it by the defendant, he should pay the complainants $500 as liquidated damages, and the defendant at the trial in effect admitted that the contract was a valid and existing one by his admission that thereunder he became liable in that amount because of his default. This being the situation, the attempt in reality was to alter or vary the terms of an existing written agreement by parol evidence, and this is not permissible under the doctrine of *Naumberg* v. *Young, 44 N. J. Law 331,* and cases following that decision. The effect of these decisions is to hold that parol evidence is not admissible which, conceding the existence and delivery of the written contract and that it was at one time effective, seeks to nullify, modify or change the obligation itself, by showing that it is to cease to be effective or is to have an effect different from that stated therein, upon certain future contingencies or conditions, for such evidence varies or contradicts the terms of the writing.

The vice-chancellor relied upon *O'Brien* v. *Paterson Brewing Co., 69 N. J. Eq. 117,* where parol evidence was admitted to show that, at the time the note there in question was given, there was no intention that it should ever be paid by the maker. That case is distinguishable from and was governed by a rule different from the one governing the present case where the contract was a valid and existing one. The true distinction is this: The rule excluding parol evidence has no place in any inquiry unless the court has before it some ascertained paper beyond question binding and effective, and hence parol evidence is admissible to show conditions relating to the delivery and taking effect of the instrument, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed; but evidence is not admissible which,

conceding the existence and delivery of the contract or obligation, and that it was at one time effective, seeks to nullify, modify or change the character of the obligation itself, by showing that it is to cease to be effective, or is to have an effect different from that stated therein, upon certain conditions or contingencies, for this does vary or contradict the terms of the writing. *22 C. J. 1149,* and cases there cited.

Since the oral evidence referred to was legally inadmissible, and since no lawful excuse for failure to perform appeared, we think that the defendant should have been decreed to specifically perform the contract in question.

Although the contract contained a provision for liquidated damages in case of a breach, where, as here, such provision is intended merely to secure performance, and not to give an option either to perform or to pay damages, the court of chancery will disregard the provision and enforce performance. *Brown* v. *Norcross, 59 N. J. Eq. 427; O'Connor* v. *Tyrrell, 53 N. J. Eq. 15.*

The decree below will be reversed, with costs, and the record remitted to the court of chancery for further proceedings in accordance with the views herein expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.