R. E. BROOKS COMPANY, PLAINTIFF-RESPONDENT, v. AL-BERT E. STORR, DEFENDANT-APPELLANT.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *Earl A. Merrill.*

For the respondent, *Stickel & Stickel.*

The opinion of the court was delivered by

DONGES, J.   This appeal brings up a verdict for plaintiff and against defendant after trial at the Union Circuit.

The suit was brought to recover the purchase price of a backfiller.   The machine was second-hand and was in an open lot at Manhasset, Long Island.   The plaintiff and defendant executed a written contract for the sale of the machine, which was described in the paper as follows:

"1 Used Model 32 Parsons Backfiller, as is where is. Delivery to be made, F. O. B. shipping point at Manhasset, Long Island, N. Y.   Ship to A. E. Storr.   At ...... Route .... . Customer's Trailer."

In his answer, defendant denied that he entered into the contract and alleged that he entered into a *"verbal* agreement to enter into a contract of sale" subject to the condition that plaintiff should first demonstrate that the machine was in

good operating condition and that plaintiff had failed so to do. The defendant counter-claimed for expenses alleged to have been incurred by him in connection with the delivery and storage of the machine.

At the trial the execution of the contract by the defendant was proved. Defendant admitted signing the agreement. The defendant did not allege fraud in the execution of the agreement, but sought to establish that the agreement was not as contained in the written instrument, but that certain things were to be done, and if they were satisfactory, then the agreement was to be entered into. The trial judge declined to admit parol testimony to vary the written agreement, and at the conclusion of the case directed a verdict in favor of plaintiff.

These rulings are challenged by the defendant, whose grounds of appeal seek a reversal, because the trial court directed a verdict for plaintiff; second, because the trial judge refused defendant's motion for nonsuit at the close of plaintiff's case; and, third, because of rulings on evidence.

The motion to nonsuit was properly refused, because at the close of plaintiff's case there was no contradiction of any matter that would preclude a recovery by the plaintiff.

At the close of the entire case there was no testimony contradicting plaintiff's proofs. The agreement was admitted without objection, and the answer admitted that defendant procured the backfiller at Manhasset, Long Island, and towed it to Westfield, New Jersey. There was nothing to overthrow plaintiff's case and raise a question of fact for a jury's consideration. The motion to direct a verdict for plaintiff was properly granted in the state of the proofs.

Appellant's third ground of appeal seeks to raise the refusal of the trial judge to admit certain testimony. It is divided into five subheadings.

The first question sought to elicit from defendant the substance of a conversation with plaintiff's salesman touching delivery of the machine, had before the signing of the contract. This was properly overruled. *Shinn* v. *Black*, 97 *N. J. L.* 219; *Wills* v. *Camden Lime Co.*, 104 *Id.* 428.

The second question had to do with the visit of a work-man to defendant's yard at Westfield. The ruling of the court was that it was admissible as bearing on the second count of the complaint, for work and materials furnished. The plaintiff submitted to a nonsuit as to this count at the close of the testimony. Counsel for defendant, however, did not have the question answered but propounded another question, which was answered. There was no ruling adverse to defendant.

The third question propounded to defendant was: "Q. Did Mr. Burdett say anything, I am referring to that day, about returning?" Burdett was a workman employed by plaintiff, who went to Westfield, as defendant testified, to work on the backfiller. It was admitted that he did not return after his first visit. What a workman may have said about coming back to the defendant's yard was not material.

The fourth question ruled on, and now complained of, is as to whether defendant ever succeeded in making the machine do the work for which it was purchased. There was no representation that it would do the work, the contract providing that it was sold "as is where is."

The fifth question overruled by the trial judge was whether defendant had ordered a new machine to take the place of the machine and to do the work intended to be done by that machine. In the state of the proofs this was immaterial and irrelevant.

Finding no harmful error the judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.