DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF HUDSON.

GRAY PRODUCTS, INC., PLAINTIFF, v. EDWARD FERRIS,
DEFENDANT.

Decided February 19, 1943.

For the plaintiff, *David H. Harris*.

For the defendant, *John A. Traynor* and *Anthony P. La Porta*.

CARNEY, D. C. J.  This is plaintiff's action to recover damages occasioned by the failure and refusal of the defendant to accept certain merchandise and equipment set forth in a written contract and signed by the parties.

The defendant resists the action, contending that although he signed the contract, that it was signed by him under an express understanding and agreement with the agent of the plaintiff that the contract was to be subject to the approval of his wife, who refused to approve it.  The wife was the owner and operator of the premises or the tavern where the equipment was to be installed.

The plaintiff contends that such oral or parol testimony of the defendant violates the parol evidence rule and is an attempt to change, alter or vary the terms of a written contract.

I am satisfied that the contention of the defendant does no violation to the parol evidence rule.  The effect of such testimony, even though oral, is not to change or add to the written contract, but like fraud, goes to the existence of such a contract.

The plaintiff cites the case of *Naumberg* v. *Young*, 44 *N. J. L.* 331; but here, the court in speaking of the *Pym* v. *Camp-*

*bell* case (which is not unlike the instant case), pointed out (at *p.* 336):

"Another class of cases in which oral testimony of an agreement by the parties is held to be competent, are those in which the evidence is offered to show that the written agreement was made to take effect upon a condition which was not performed. * * * The defendant was allowed to prove by oral testimony that the agreement was drawn up and signed, with the understanding that it should be no bargain until approved by A, and that A did not approve of it."

In the case of *Cohen* v. *Cohn,* 102 *N. J. Eq.* 245; 140 *Atl. Rep.* 319, reference there was made to the rule by the court which pointed out that parol evidence is admissible to show conditions relating to the delivery or taking effect of the instrument; as that it shall only become effective upon certain conditions or contingencies. This goes to the existence of the contract and tends to show that no contract ever existed.

In the instant case, I am satisfied that the contract was delivered and was not to become binding until it was approved by the wife of the defendant. The evidence was that the defendant's wife refused to approve the contract.

Judgment will be entered in favor of the defendant.