YETTA PELINGER, PLAINTIFF-APPELLANT, v. MAX BERNFELD, DEFENDANT-RESPONDENT.

Argued February 6, 1945—Decided April 19, 1945.

For the appellant, *Schloeder & Beck* (*Nicholas S. Schloeder*, of counsel).

For the respondent, *Walscheid & Rosenkranz* (*J. Emil Walscheid*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. · The question for decision is whether the judgment in favor of the respondent and against the appellant based upon a jury verdict of no cause for action, should be reversed for asserted error in the exclusion of evidence.

Appellant, Yetta Pelinger, sued respondent, Max Bernfeld, her brother, on the alleged breach of his "express promise" to pay her $5,400 upon the transfer of her 54 shares of preferred stock in the Paramount Slipper Company "to him or his nominee," in the reorganization of that company. Appellant pleaded performance and respondent denied the alleged

undertaking. The parties offered their respective proofs which the trial judge in a comprehensive, accurate and fair charge, free from exception, submitted to the jury. And the jury returned a verdict of no cause for action. Judgment was entered accordingly. Hence this appeal.

A brief statement of the proofs, after our examination of the whole case, will lay bare the basis upon which we conclude that four of the five grounds of appeal argued, all relating to the exclusion of evidence, fail to disclose error which "injuriously affected the substantial rights" of appellant. *R. S.* 2:27–363. *Kargman* v. *Carlo,* 85 *N. J. L.* 632, 638; 90 *Atl. Rep.* 292; *218-220 Market Street Corp.* v. *Krisch-Radisco, Inc.,* 124 *N. J. L.* 302, 304; 11 *Atl. Rep. (2d)* 109; *De Freitas* v. *Metropolitan Life Insurance Co.,* 131 *N. J. L.* 5; 34 *Atl. Rep. (2d)* 233; *Costanzo* v. *Cavanaugh,* 131 *N. J. L.* 175, 179; 35 *Atl. Rep. (2d)* 612.

Paramount Slipper Company, largely a family corporation, was indebted to respondent in the sum of $19,000. To the end of "better securing" the payment of that indebtedness, respondent desired to obtain the majority control of the stock of the company, which stock consisted of common and preferred shares. Without detailing the names of the owners and the number of shares held by each of them, it should suffice, in the circumstances, to observe that appellant owned 54 shares of preferred stock and her husband, Jules Pelinger, owned 145 shares of common and 163 shares of preferred stock. To satisfy respondent's desire, all stockholders, including the parties to this suit, executed and acknowledged an agreement in writing for the planned reorganization of the company. So far as is here pertinent, the old charter was amended authorizing the issuance of capital stock in the sum of $225,000, divided into 2,250 shares all of common stock, at a par value of $100 a share. Jules Pelinger agreed to transfer 105 of his shares to respondent. All shares were to be exchanged for the new common shares. Respondent in turn agreed to and did subscribe for 200 shares of the common stock of the company, as reorganized. He paid $20,000 therefor in the following manner, (a) he canceled and discharged the $19,000 debt which the company owed him, and

(b) he paid $1,000 in cash at the time of the issuance of the stock.

Appellant agreed to and did transfer her 54 shares of stock to her husband. There is not a word in the reorganization agreement to indicate that such transfer was to be or was made to her husband as respondent's nominee. Nor is there a word in that agreement to indicate that respondent promised to pay appellant $5,400 or any other sum for such transfer.

Under these circumstances, it was not reversible error to exclude the answers to each of the three questions which form the basis for the first three grounds of appeal. Appellant admits that the questions directed to her husband were to ascertain whether he had received anything in dollars and cents from the respondent for the transfer of the 105 shares to him in accordance with the stated agreement; or whether respondent paid anything for the 107 shares of stock which he received above the 200 shares which he bought and paid for. The written agreement controlled. *Naumberg* v. *Young,* 44 *N. J. L.* 331; *Paruch* v. *Rasiewicz,* 124 *Id.* 356; 12 12 *Atl. Rep. (2d)* 141. Moreover, the questions were not material to the issue; they were otherwise answered; and some of the answers were not struck out.

Nor was it reversible error to exclude the answer to the question posed to respondent as to whether he was ever approached by any of appellant's children concerning the money claimed to be due to appellant. Clearly, that was immaterial.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PAR-KER. CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 14.

*For reversal*—None.