The defendant appeals from the dismissal of his counterclaim against the plaintiff, Mary Anfield, which was granted at the close of the testimony in the Law Division of the Union County Court.
Mary Anfield, as owner, and the defendant entered into a written contract, prepared by the defendant, under which the defendant agreed to furnish certain materials and do certain work upon a building owned and occupied by Mary Anfield and her husband. After the defendant had delivered materials to the premises and some of the materials had been affixed to the building, a fire occurred which damaged the building, certain contents of the building, the materials already affixed to the building by the defendant, and materials of defendant stored on the premises. The Anfields sued the defendant to recover for the damage done to the building and its contents by the fire, alleging it was caused by the negligence of the defendant, his servants, agents and employees.
Defendant counterclaimed against Mary Anfield, alleging partial performance of the contract and demanding the full contract price of $1,510, on the ground that "Under the express terms and provisions of aforesaid contract, by virtue of aforementioned fire and resultant damage to plaintiff's building and aforementioned materials there became, due and payable forthwith to defendant the full contract price to wit, the sum of Fifteen Hundred and Ten ($1,510.00) Dollars." The counterclaim does not allege a cause of action based on quantum meruit (Cf. MatthewsConstruction Co. v. Brady, 104 N.J.L. 438 (E. A. 1928);170 A.L.R. 980), and the only question briefed and argued on this appeal is whether the defendant is entitled to the payment of the full contract price by the express terms and provisions of the contract.
The defendant relies upon the following contract provisions:
"FIRST: * * * the said `Owner' shall and will, in consideration of the covenants and agreements herein being performed and kept by the said `Contractors' as specified, well and truly pay or cause to be *Page 350 
paid unto the said `Contractor,' the sum of Fifteen Hundred ten and no/100 Dollars ($1510.00) plus interest F.H.A., lawful money of the United States of America, in manner following:
 "Payable in 36 equal and consecutive payments of $48.23 each. First payment 45 days after completion.
and in the event the `Owner' shall fail to make any payment when the same becomes due as herein agreed, then the entire unpaid amount (together with interest thereon) shall immediately become due and payable.
 * * * * * * * *
"THIRD: The `Owner' agrees that * * * if the premises or any part thereof be destroyed by fire or otherwise, the full amount of the sums to be paid by the `Owner' to the `Contractor' pursuant to this agreement shall become due and payable forthwith, and the `Contractor' shall become subrogated to the `Owners' right to any insurance monies due as the result of such loss or damage to the extent of the unpaid balance of said agreement."
The defendant argues that when a part of the premises was destroyed by fire, he became entitled to immediate payment of the full contract price of $1,510 under the third section of the contract quoted above, even though he had only partially performed. We think the language relied on was intended to cover only a situation in which the premises or a part thereof should be destroyed by fire after complete performance by the defendant, and that the purpose of the provision was to accelerate the due date of any unpaid installments of the full contract price in such a case.
The agreement provides in the first section that the full amount of the contract price shall be paid by the owner to the contractor upon "the covenants and agreements herein being performed and kept by the said `Contractor'" and payments shall be due in thirty-six installments, the first payment becoming due forty-five days after the completion. The provision of the third section, "the full amount of the sums to be paid by the `Owner' to the `Contractor' pursuant to this agreement," refers to the contract price of $1,510 which, under the first section, was to be paid by the owner in installments upon full performance by the defendant, and the words "shall become due and payable forthwith" merely accelerate the due date of the installments mentioned in the first section. That the third section was intended to apply *Page 351 
only in the case of full performance by the defendant, is further indicated by the use of the words "to the extent of the unpaid balance of said agreement." These words would be meaningless if we accepted defendant's contention that the full amount became due and payable upon the happening of the fire, because in such case there never could be an "unpaid balance" of the full amount which could be accelerated. An interpretation which gives a reasonable, lawful and effective meaning to all manifestations of intention is preferred to an interpretation which leaves a part of such manifestations unreasonable, unlawful or of no effect.Restatement, Contracts, § 236.
Even if the intention be deemed doubtful or obscure, we reach the same result. The language to be construed was the language of the defendant, and under wellsettled rules, when words of intention bear more than one reasonable meaning, an interpretation is preferred which operates more strongly against the party from whom they proceed, unless the use by him is prescribed by law. Restatement, Contracts, N.J. Annot., § 236. If the intention is doubtful or obscure, the most fair and reasonable construction imputing the least hardship on either of the contracting parties should be adopted. International SignalCo. v. Marconi Wireless Telegraph Co. of America, 89 N.J. Eq. 319
(Ch. 1918); affirmed, sub nom. International RadioTelegraph Co. v. Marconi Wireless Telegraph Co. of America,90 N.J. Eq. 271.
The judgment under appeal is affirmed. *Page 352