16 N.J. Super. 405 (1951)
84 A.2d 660
HOWARD HAMILTON AND EDITH K. HAMILTON, PLAINTIFFS,
v.
MEMORIAL HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 29, 1951.
*406 Mr. Leslie L. Vanderbilt, attorney for plaintiffs.
Messrs. Stryker, Tams & Horner (Mr. John J. Monigan, Jr., of counsel), attorneys for defendant.
GRIMSHAW, J.S.C.
In this action the plaintiffs seek a judgment for the specific performance of a contract for the sale of real property. The matter is presently before me on plaintiffs' motion for summary judgment. None of the facts are in dispute.
The contract was executed on May 15, 1951. Under its terms the plaintiffs agreed to sell to the defendant certain real property in the City of Clifton, for the sum of $35,820. Of this amount $3,582 was paid as a deposit at the time of the execution of the contract and the balance of $32,238 was to be paid in cash on the date of the closing of title. The closing date was set as August 15, 1951, and time was made *407 of the essence of the contract. The defendant refused to close title on August 15 and this litigation ensued.
Among other things, the contract contained the following provisions:
"It is mutually understood and agreed between the parties hereto that in the event the purchaser does not close title on or before August 15, 1951, it agrees to pay the sum of $2,500 to the sellers as liquidated damages and in that event the within contract to purchase shall be null and void.
It is mutually agreed that the sum stated for liquidated damages is fair and reasonable and not disproportionate to the actual damages which are not readily susceptible of exact ascertainment and proof as of the time of the making of this contract."
The sole question for determination is whether or not the above-quoted provision makes the contract alternative. In other words, had the defendant the option either to pay the purchase price and take title to the property, or refuse to take title and forfeit the sum of $2,500 as liquidated damages?
It is entirely settled that the mere presence in a contract of a provision for liquidated damages does not render the contract an optional one. Where the provision for liquidated damages is intended to secure performance the court will disregard the provision and enforce performance of the contract. If, on the other hand, it is intended that a party shall be obligated either to perform or pay liquidated damages, then the party may pay and be free from the obligation to perform. Brown v. Norcross, 59 N.J. Eq. 427 (Ch. 1900); Cohen v. Cohn, 102 N.J. Eq. 245 (E. & A. 1927). And the intent of the parties is to be ascertained from a consideration of the language of the contract and subject matter. Crane v. Peer, 43 N.J. Eq. 553 (Ch. 1887).
Under the wording of the disputed contract provision, the defendant had an option. It might close title on August 15, 1951, or it could pay to the plaintiff the sum of $2,500 as liquidated damages. It chose the latter course. Thereupon its obligation was at an end. In the words of the agreement, the contract was "null and void." In re Tatnall, 102 *408 N.J. Eq. 445 (Ch. 1928), affirmed 104 N.J. Eq. 486 (E. & A. 1929).
Plaintiffs' motion for summary judgment will be denied. And since defendant has already paid to the plaintiffs the sum of $3,582, defendant will have judgment for the difference between that amount and $2,500, or for the sum of $1,082.