**John G. BELLOWS, Plaintiff,**

v.

**E. R. SQUIBB & SONS, INC., a Delaware corporation, Defendant.**

**No. 73 C 159.**

United States District Court,
N. D. Illinois.

May 22, 1973.

Charles A. Bellows, Jason E. Bellows and Carole K. Bellows, Bellows & Bellows, Chicago, Ill., for plaintiff.

Richard F. Watt, John M. Bowlus and Robert H. Nichols, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

This is a diversity action for an alleged breach of a contract between the plaintiff and the defendant.

The plaintiff, John G. Bellows, is a resident of the City of Chicago and the holder of United States Letters Patent 3,524,702 dated August 18, 1970, relating to an "Apparatus for Objectively and Automatically Refracting the Eye."

The defendant, E. R. Squibb & Sons, Inc., is a Delaware corporation having its principal place of business in New York City. The amount in controversy, exclusive of costs, is alleged to exceed $10,000.

The plaintiff, in the complaint, alleges, *inter alia*, the following facts:

1. On February 7, 1972, the plaintiff and defendant entered into an

agreement that the plaintiff would grant a license to the defendant for the exclusive right to make, have made, use and/or sell the plaintiff's device covered by United States Letters Patent No. 3,-524,702, and any other product relating to refractometers then or thereafter within three years of the date of the agreement developed owned or controlled by the plaintiff. The plaintiff granted the defendant an exclusive license in these areas.

2. It was further specified that defendant would pay plaintiff the sum of 7% of the net proceeds of sale as defined in the agreement.

3. Implied in said agreement was the obligation of the defendant to exercise reasonable efforts or due diligence in the exploitation of the device covered by the patent. Contrary to its obligation to exercise reasonable efforts or due diligence in the exploitation of the device covered by the patent the defendant has wholly failed to do so, to the damage of the plaintiff in the sum of $4,200,000.

The defendant, in support of its motion to dismiss, contends that the highest courts of the State of New Jersey have refused to imply in an exclusive patent license agreements any obligation by the licensee to use due diligence to exploit the patent and thus the plaintiff's complaint should be dismissed.

The plaintiff, in opposition to the instant motion, contends that New Jersey courts have written such an obligation into agreements pertaining to exclusive licenses of patents as in the case at bar.

It is the opinion of this Court that the plaintiff has properly alleged a cause of action under New Jersey law.

The fundamental doctrine of Erie R. Co. v. Tomkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires federal district courts sitting in diversity cases to apply the law of the appropriate state as declared by the legislative or highest court of the state. The parties agreed, and correctly so, that the relevant law is that of the State of New Jersey.

The plaintiff's legal theory for his complaint finds its ultimate support in an opinion of then Judge Cardozo who held that a promise for an exclusive agency or exclusive privilege implies a promise to use reasonable efforts to bring profits and revenues into existence. Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214 (N.Y. Court of Appeals, 1917).

The New Jersey Supreme Court has clearly recognized and followed Judge Cardozo's ruling.* Palisades Properties, Inc. v. Brunetti, 44 N.J. 117, 205 A.2d 522 (1965); Silverstein v. Keane, 19 N.J. 1, 115 A.2d 1 (1955). The New Jersey Supreme Court has clearly stated that Judge Cardozo's opinion in *Wood* is good law in New Jersey:

"In the *Wood* case, supra, the emphasis of the decision of the New York Court of Appeals was placed on the exclusive agency taken by the plaintiff, as a clear indication of the obligation of the plaintiff to perform. Exclusivity is a paramount feature of the agreements *sub judice*, and coupled with the other terms of the agreement involved herein demands application of the rule of correlative obligation."

---

* The defendants base their motion on the case of Briggs v. United Shoe Machinery Corp., 92 N.J.Eq. 277, 114 A. 538 (1920), which was decided three years after *Wood*. The New Jersey court, in *Briggs*, held after review of a contract and other evidence that an agreement assigning patents for a stated sum and royalties was not obviously unfair. The court in *Briggs* did not cite *Wood*, and it did not specifically discuss the implied obligation of ex-

ploitation and thus it is not directly applicable to the instant case. Further, given the numerous decisions by New Jersey courts since *Briggs* that cite *Wood* with approval, it would seem that any adverse effect which *Briggs* might possibly have on the legal theory of the instant action has been eroded by the later decisions of New Jersey courts which are favorable to the plaintiff's position.

206

Silverstein v. Keane, *supra* at 115 A.2d 7; see also Corbin, "Cardozo and the Law of Contracts," 39 Col.L.Rev. 56 et seq. (1939).

Further, the lower New Jersey Appellate Courts have cited the Cardozo opinion with approval. Fenning v. American Type Founders, Inc., 33 N.J.Super. 167, 109 A.2d 689 (1959); Silverstein v. Dohoney, 32 N.J.Super. 357, 108 A.2d 451 (1954); Mortgage Corporation of New Jersey v. Manhattan Savings Bank, 71 N.J.Super. 489, 177 A.2d 326 (1962).

As the New Jersey Appellate Court aptly stated, in a case similar to the one at bar:

"The New Jersey courts are in accord with the Lady Duff-Gordon doctrine. Atlantic City v. Farmers Supply and Products Co., 96 N.J.L. 504, 508, 115 A. 388 (E. & A.1921) and our recent case of Silverstein v. Dohoney, 32 N.J.Super. 357, 108 A.2d 451 (App. Div., October 13, 1954).

If fairness to the parties is to control, or if we presume the parties intended a fair contract where the evident purpose of the license was exploitation, and implied covenant of reasonable exploitation is essential. Though no minimum royalty is involved, this is not inconsistent with a duty to use reasonable diligence in exploitation. On the plaintiffs' testimony, and considering all the reasonable and logical inferences that might be drawn therefrom, the trial court could have concluded that defendant failed to exercise reasonable efforts and due diligence in the exploitation and sale of the devices under the exclusive license agreement, and plaintiffs were entitled to judgment under the second and third counts." Fenning v. American Type Founders, Inc., *supra* at 109 A.2d 694.

Regardless of whether the plaintiff will eventually prevail on the merits, it is clear that New Jersey Courts recognize the legal doctrine upon which the plaintiff's complaint is based.

Accordingly, it is hereby ordered that the defendant's motion to dismiss is denied.