John G. BELLOWS, Plaintiff,

v.

E. R. SQUIBB & SONS, INC., Defendant.

No. 73 C 159.

United States District Court, N. D. Illinois, E. D.

July 18, 1973.

8. This figure will depend on the ultimate size of the class.

Charles A. Bellows, Jason E. Bellows, Carole K. Bellows, Bellows & Bellows, Chicago, Ill., for plaintiff.

Ronald L. Engel, James M. Amend, Kirkland & Ellis, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion for reconsideration or, in the alternative and, without prejudice to the foregoing, to amend this Court's Order of May 22, 1973, 359 F.Supp. 204, pursuant to 28 U.S.C. § 1292(b).

This is a diversity action for the alleged breach of a contract between the plaintiff and the defendant. The plaintiff, John G. Bellows, is a resident of Chicago, Illinois and the holder of United States Letters Patent 3,524,702 dated August 18, 1970, relating to an "Apparatus for Objectively and Automatically Refracting the Eye." The defendant, E. R. Squibb & Sons, Inc., is a Delaware corporation having its principal place of business in New York City. The amount in controversy, exclusive of costs is alleged to exceed $10,000.

The plaintiff alleges in the complaint that the defendant failed to fulfill its implied obligation to exercise reasonable efforts or due diligence in the exploitation of the device covered by the plaintiff's patent to the plaintiff's damage.

On May 22, 1973 this Court denied the defendant's motion to dismiss the complaint and held that the plaintiff has. properly alleged a cause of action under the appropriate state law, namely, that of New Jersey. The precise issue raised by the motion to dismiss was whether as a matter of New Jersey law an implied obligation to exploit can be read into a contract between a patent holder and it's licensee. This Court ruled that such an implied obligation was part of New Jersey state law.

The defendant in support of the instant motion contends:

1. The essential matter determined by the Court was that, under controlling New Jersey law, there was an implied obligation on the part of the defendant "to exercise reasonable efforts or due diligence in the exploitation of the device covered by the patent."

2. This determination is clearly a controlling question of law since if decided adversely to plaintiff it would in all probability terminate the litigation. There is substantial ground for difference of opinion concerning the question of what is the controlling New Jersey law because there is no decision of the highest court of New Jersey directly on point subsequent to the case relied on by the defendant, namely, Briggs v. United Shoe Machinery Corp., 92 N.J. Eq. 277, 114 A. 538 (1930).

3. The application of the "implied obligation" doctrine to the present agreement immediately presents another question which is or should be controlling: Is not any implied obligation wholly inconsistent with the contract the parties themselves entered into?*

---

\* The defendant specifically raised this issue in its reply brief to the motion to dismiss. The plaintiff has never had an opportunity to respond to this argument. Thus, as suggested by the defendant in its reply brief in the instant motion, this argument was not properly before this Court. This Court's Order of May 22, 1973 did not pass on this argument and

4. It is submitted that time-consuming and costly litigation may well be avoided by an interlocutory appeal.

The legal theory on which plaintiff's complaint is based finds its ultimate support in an opinion of then Judge Cardozo who held that a promise for an exclusive agency or exclusive privilege implies a promise to use reasonable efforts to bring profits and revenues into existence. Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 188 N.E. 214 (N.Y. Court of Appeals, 1917). The New Jersey Supreme and Appellate Courts have clearly recognized and followed Judge Cardozo's ruling. Palisades Properties, Inc. v. Brunetti, 44 N.J. 117, 205 A.2d 522 (1965); Silverstein v. Keane, 19 N.J. 1, 115 A.2d 1 (1955); Fenning v. American Type Founders, Inc., 33 N.J. Super. 167, 109 A.2d 451 (1962); Mortgage Corporation of New Jersey v. Manhattan Savings Bank, 71 N.J.Super. 489, 177 A.2d 326 (1962).

Given this posture of the New Jersey case law, there is no substantive ground for difference of opinion over this Court's Order of May 22, 1973. This Court has not ruled on the issue of whether, in the instant action, the License Agreement between the parties constitutes an exception to the doctrine of an implied obligation to exploit. This issue has not been properly presented to this Court, nor has it been fully briefed by the parties and the Court's general holding of May 22, 1973 cannot be extended to cover this precise issue.

Accordingly, it is hereby ordered that defendant's motion for reconsideration of this Court's Order of May 22, 1973 or in the alternative for amendment of that Order pursuant to 28 U.S.C. § 1292(b) is denied.

defendant may properly raise this argument in an appropriate pre-trial motion

to which the plaintiff would have adequate opportunity to respond.