OTIS F. WOOD, Appellant, *v.* LUCY, LADY DUFF-GORDON, Respondent.

**Contract — consideration — when implied promise of plaintiff sufficient to constitute consideration for contract and to support cause of action against defendant for breach of the contract.**

Defendant is a " creator of fashions " whose favor helps a sale, and manufacturers of feminine apparel are willing to pay for a certificate of her approval. She entered into an agreement with plaintiff employing him to turn this vogue into money. He was to have, for the term of one year, and thereafter unless terminated by a written notice, the exclusive right, subject to her approval, to place her indorsements on the designs of others and in return she was to have one-half of all profits and revenues derived from any contract he might make. Plaintiff claims that he kept the contract and that the defendant broke it, by placing her indorsement on articles without his knowledge and withholding the profits, and sues her for the damages. Defendant demurs to the complaint on the ground that the agreement lacks the elements of a contract in that plaintiff does not bind himself to anything. *Held*, upon examination of the contract, that although plaintiff does not promise in express terms, such a promise is fairly implied. Defendant gave an exclusive privilege and plaintiff's promise to pay one-half of the profits and revenues resulting from the exclusive agency and to render accounts monthly, was a promise to use reasonable efforts to bring profits and revenues *into* existence, and, hence, the demurrer cannot be sustained.

*Wood* v. *Duff-Gordon*, 177 App. Div. 624, reversed.

(Argued November 14, 1917; decided December 4, 1917.)

APPEAL from a judgment entered April 24, 1917 upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendant for judgment in her favor upon the pleadings and granted said motion.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Jerome Rooney* for appellant. Assuming that the contract does not contain an express covenant and agreement on the part of the plaintiff to use his best endeavors and efforts to place indorsements, make sales or grant licenses to manufacture, nevertheless such a covenant must necessarily be implied from the terms of the contract itself and all the circumstances. (*Booth* v. *Cleveland Mill Co.*, 74 N. Y. 15; *Wells* v. *Alexandre*, 130 N. Y. 642; *Jacquin* v. *Boutard*, 89 Hun, 437; 157 N. Y. 686; *Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542; *Horton* v. *Hall & Clarke Mfg. Co.*, 94 App. Div. 404; *Hearn* v. *Stevens & Bros.*, 111 App. Div. 101; *Baker Transfer Co.* v. *Merchants' R. I. Mfg. Co.*, 1 App. Div. 507; *Wildman Mfg. Co.* v. *Adams T. C. M. Co.*, 149 Fed. Rep. 201.)

*Edward E. Hoenig* and *William M. Sullivan* for respondent. The motion for judgment on the pleadings was properly granted and the demurrer properly sustained by the appellate court, as the agreement upon which the action is based is *nudum pactum* and not binding upon this defendant for lack of mutuality and consideration. (Elliott on Cont. § 231; *Grossman* v. *Schenker*, 206 N. Y. 468; *Levin* v. *Dietz*, 194 N. Y. 376; *Commercial W. & C. Co.* v. *Northampton P. C. Co.*, 115 App. Div. 393; 190 N. Y. 1; *Wood* v. *G. F. Ins. Co.*, 174 App. Div. 834; *White* v. *K. M. C. Co.*, 69 Misc. Rep. 628; *Cook* v. *Casler*, 87 App. Div. 8; *Vogel* v. *Pekoe*, 30 L. R. A. 491; *Moran* v. *Standard Oil Co.*, 211 N. Y. 189; *City of New York* v. *Poali*, 202 N. Y. 18; *Barrel S. S. Co.* v. *Mexican R. R. Co.*, 134 N. Y. 15; *First Presbyterian Church* v. *Cooper*, 112 N. Y. 517; *Acker* v. *Hotchkiss*, 97 N. Y. 395; *Marie* v. *Garrison*, 43 N. Y. 14; *Chicago & G. E. R. Co.* v. *Dane*, 43 N. Y. 240; *Jermyn* v. *Searing*, 170 App. Div. 720; *Rafolovitz* v. *Amer. Tobacco Co.*, 73 Hun, 87; *Pollock* v. *Shubert*, 146 App. Div. 628.) The order of the Appellate Division should be affirmed, for under the

contract the appellant assumes no obligation and there is no provision therein enforceable as against him. (*Commercial W. & C. Co.* v. *Northampton P. C. Co.*, 115 App. Div. 393; 190 N. Y. 1; *Pollock* v. *Shubert Theatrical Co.*, 146 App. Div. 629; *Arnot* v. *P. & E. Coal Co.*, 68 N. Y. 565; *Booth* v. *Milliken*, 127 App. Div. 525; *Vogel* v. *Pekoe*, 30 L. R. A. 491.)

CARDOZO, J. The defendant styles herself " a creator of fashions." Her favor helps a sale. Manufacturers of dresses, millinery and like articles are glad to pay for a certificate of her approval. The things which she designs, fabrics, parasols and what not, have a new value in the public mind when issued in her name. She employed the plaintiff to help her to turn this vogue into money. He was to have the exclusive right, subject always to her approval, to place her indorsements on the designs of others. He was also to have the exclusive right to place her own designs on sale, or to license others to market them. In return, she was to have one-half of " all profits and revenues " derived from any contracts he might make. The exclusive right was to last at least one year from April 1, 1915, and thereafter from year to year unless terminated by notice of ninety days. The plaintiff says that he kept the contract on his part, and that the defendant broke it. She placed her indorsement on fabrics, dresses and millinery without his knowledge, and withheld the profits. He sues her for the damages, and the case comes here on demurrer. The agreement of employment is signed by both parties. It has a wealth of recitals. The defendant insists, however, that it lacks the elements of a contract. She says that the plaintiff does not bind himself to anything. It is true that he does not promise in so many words that he will use reasonable efforts to place the defendant's indorsements and market her designs.

We think, however, that such a promise is fairly to be implied. The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day. A promise may be lacking, and yet the whole writing may be "instinct with an obligation," imperfectly expressed (SCOTT, J., in *McCall Co.* v. *Wright*, 133 App. Div. 62; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187, 198). If that is so, there is a contract.

The implication of a promise here finds support in many circumstances. The defendant gave an *exclusive* privilege. She was to have no right for at least a year to place her own indorsements or market her own designs except through the agency of the plaintiff. The acceptance of the exclusive agency was an assumption of its duties (*Phœnix Hermetic Co.* v. *Filtrine Mfg. Co.*, 164 App. Div. 424; *W. G. Taylor Co.* v. *Bannerman*, 120 Wis. 189; *Mueller* v. *Bethesda Mineral Spring Co.*, 88 Mich. 390). We are not to suppose that one party was to be placed at the mercy of the other (*Hearn* v. *Stevens & Bro.*, 111 App. Div. 101, 106; *Russell* v. *Allerton*, 108 N. Y. 288). Many other terms of the agreement point the same way. We are told at the outset by way of recital that " the said Otis F. Wood possesses a business organization adapted to the placing of such indorsements as the said Lucy, Lady Duff-Gordon has approved." The implication is that the plaintiff's business organization will be used for the purpose for which it is adapted. But the terms of the defendant's compensation are even more significant. Her sole compensation for the grant of an exclusive agency is to be one-half of all the profits resulting from the plaintiff's efforts. Unless he gave his efforts, she could never get anything. Without an implied promise, the transaction cannot have such business " efficacy as both parties must have intended that at all events it should have " (BOWEN, L. J., in *The Moorcock*, 14 P. D. 64,

68). But the contract does not stop there. The plaintiff goes on to promise that he will account monthly for all moneys received by him, and that he will take out all such patents and copyrights and trademarks as may in his judgment be necessary to protect the rights and articles affected by the agreement. It is true, of course, as the Appellate Division has said, that if he was under no duty to try to market designs or to place certificates of indorsement, his promise to account for profits or take out copyrights would be valueless. But in determining the intention of the parties, the promise *has* a value. It helps to enforce the conclusion that the plaintiff *had* some duties. His promise to pay the defendant one-half of the profits and revenues resulting from the exclusive agency and to render accounts monthly, was a promise to use reasonable efforts to bring profits and revenues into existence. For this conclusion, the authorities are ample (*Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542; *Phœnix Hermetic Co.* v. *Filtrine Mfg. Co.*, *supra*; *Jacquin* v. *Boutard*, 89 Hun, 437; 157 N. Y. 686; *Moran* v. *Standard Oil Co.*, *supra*; *City of N. Y.* v. *Paoli*, 202 N. Y. 18; *M'Intyre* v. *Belcher*, 14 C. B. [N. S.] 654; *Devonald* v. *Rosser & Sons*, 1906, 2 K. B. 728; *W. G. Taylor Co.* v. *Bannerman*, *supra*; *Mueller* v. *Bethesda Mineral Spring Co.*, *supra*; *Baker Transfer Co.* v. *Merchants' R. & I. Mfg. Co.*, 1 App. Div. 507).

The judgment of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

CUDDEBACK, MCLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., CHASE and CRANE, JJ., dissent.

Judgment reversed, etc.