ALBERT STERN, Appellant, *v.* LEO G. FROMAN and Another, Respondents.

(Supreme Court, Appellate Term, First Department, October Term — Filed December, 1921.)

Brokers — real estate — contract for division of commissions — "commision" includes money received for procuring purchase of option — judgment directed by appellate court where retrial is useless formality.

In the administration of justice less regard should be had for the lexicon definition of a word and more for what the parties understood the word to mean.

An agreement between plaintiff and defendants, all real estate brokers, for a division of commissions earned from any real estate transactions in which they were jointly interested, provided that upon any sale of real estate wherein plaintiff had procured the purchaser, he was to receive fifty per cent of the commission. Plaintiff having brought to defendants an intending purchaser of certain premises, one of the defendants undertook to consummate the sale himself, and in the course of investigation learned that another firm of brokers had an option to purchase the property his customer wanted, and he finally arranged for the purchase of the option by his client at a certain price, for which services the seller of the option paid defendant a certain sum of money, but this fact was never disclosed to plaintiff. *Held,* that the money paid to defendant for the sale of the option was a "commission" just as much as the sum paid by the owners of the property to the brokers upon the sale, which was divided between plaintiff and defendant.

It was error, therefore, so far as related to plaintiff's claim to recover one-half of the money so paid to defendants, to dismiss the complaint on the ground that the money thus earned was not within the terms of the agreement, and the judgment rendered in favor of defendant will be reversed, with costs, and as it would be a useless formality to order a new trial, judgment is directed in favor of plaintiff for the full amount claimed, with interest and costs.

APPEAL by plaintiff from a judgment rendered in the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of defendant.

Mark, McKiniry & Baum (Charles Fredericks, of counsel), for plaintiff, appellant.

Benjamin Berger, for defendants, respondents.

WAGNER, J. The plaintiff and defendants, all real estate brokers, entered into an agreement by the terms of which they were to divide commissions which were earned from any real estate transactions in which they were jointly interested. The commissions were to be shared fifty per cent to plaintiff and fifty per cent to defendants, upon any real estate sale wherein the plaintiff had procured the purchaser. The other terms of the agreement it is not necessary to consider because they are not involved in this controversy.

It appeared that the plaintiff brought to the defendants a proposed purchaser for certain premises situated in this city. One of the defendants took upon himself the task of consummating the sale of the property the customer desired to purchase. In the course of his investigation this defendant learned that another firm of brokers had an option upon the houses his customer wanted. He then began to negotiate with the said firm of brokers for the purchase by his customers of this option so as to clear the path and be able to deal directly with the owners of the property. He finally arranged with the holders of the option for the purchase of the same by his client for the sum of $1,700 for which services the seller of the option paid him (the defendant) the sum of $741.50. The defendant having this matter in charge never disclosed to the plaintiff the receipt of this

Appellate Term, First Department, December, 1921. [Vol. 117.

compensation, profit or commission, whatever it may be termed, and of course never shared this commission with plaintiff.

Plaintiff brought this suit to recover one-half of this commission, hitherto undisclosed, paid to defendants upon the sale of this option. The court below after testimony was adduced as here related determined that the moneys thus earned were not within the terms of the agreement between plaintiff and defendants and dismissed the action so far as it related to this particular claim. This action by the court, we think, was error. The moneys paid to the defendants were earned in a transaction incidental to the main transaction in which the plaintiff under the agreement had a direct interest because he had concededly procured the customer who bought the option. The court below adhering to the literal meaning of the words of the agreement concluded that the moneys paid to defendant by the seller of the option could not be termed "commission" and as the agreement between the parties used the word "commission" the plaintiff was excluded from any participation in this bonus or profit, or whatever it may be termed. This is too abstract an interpretation of the word "commission" and is clearly at variance with what the parties themselves intended and understood.

Broadly viewed, mindful of the circumstances surrounding the making of the agreement, the nature of the business, and bringing common sense to our aid the moneys paid to the defendants for the sale of the option was a commission just as much as the sum paid by the owners of the property to the brokers upon the sale, which latter commissions concededly were divided between plaintiff and defendants.

As has been said before: "The law has outgrown its primitive stage of formalism when the precise word

was the sovereign talisman and every slip fatal.'' *Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91.

In the administration of justice we should have less regard for the abstract lexicon definition of the precise word and more for what the parties understood it to mean.. Since the defendants admitted on the trial the payment to them of this money by the seller of the option out of the purchase price of the option, and since we are convinced under the agreement between the parties that plaintiff was entitled to fifty per cent of the amount thus paid, it would be a useless formality to order a retrial of the action, and we accordingly direct that judgment for plaintiff be entered for the sum of $370.75, together with interest and costs.

Judgment reversed, with $30 costs to the appellant and judgment directed in favor of the plaintiff for the sum of $370.75 with interest thereon from the 19th day of June, 1915, and costs in the court below.

BIJUR, J., concurs.    GUY, J., concurs in the result.

Judgment reversed.