MATTHEW J. MORAN, as President of Local Union No. 463, United Association of Plumbers and Gas Fitters of the United States and Canada, Respondent, v. FRANK B. LASETTE, Individually and as Chairman of the Board of Governors of the Association of Master Plumbers of the City of New York, Manhattan Branch, and Others, Appellants.

First Department, June 24, 1927.

Trade unions — lockout — agreement between plaintiff, labor union, and defendants, master plumbers of Manhattan and The Bronx, regulating relations — members of plaintiff working in Brooklyn for defendants struck in sympathy with Brooklyn union — defendants then ordered lockout — agreement did not prevent lockout — plaintiff breached agreement — arbitration clause does not bar defendants' right of lockout — temporary injunction denied.

This is an action by a labor union to restrain the defendants, master plumbers, from continuing a lockout of the members of the plaintiff union. It appears that the defendants, who are master plumbers of Manhattan and The Bronx, entered into an agreement with the plaintiff regulating the relations between the members of the plaintiff and the defendants. Members of the plaintiff union working in Brooklyn for the defendants went on a strike in sympathy with a Brooklyn union, which struck for higher wages, and the plaintiff refused to order its members back to work. Thereafter the defendants directed a lockout of members of the plaintiff.· The motives of either party are not determinative of the legal question involved which is whether or not under the agreement the defendants have surrendered their right to a lockout. The plaintiff by its own conduct lost the right to enforce any covenant against a lockout which might be implied, and, furthermore, the agreement does not contain either directly or by implication any covenant prohibiting the defendants from ordering a lockout, where the conduct of the plaintiff is detrimental to the defendants' interests.

The contention by the plaintiff that the defendants should have resorted. to arbitration under the agreement before ordering a lockout is without merit, since the so-called arbitration clause when read in connection with other parts of the agreement is ineffective, and, furthermore, if arbitration were required, it was the duty of the plaintiff to demand arbitration before directing its members to go on strike. The plaintiff having disregarded that duty, cannot now contend that the defendants should have resorted to arbitration before ordering a lockout.

In view of all the circumstances, the plaintiff has not shown a clear legal right
and a threatened irreparable injury upon which only would a temporary
injunction be justified.

APPEAL by the defendants, Frank B. Lasette and others, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 16th day of May, 1927, granting plaintiff's motion for an injunction *pendente lite.*

*Frederick Hulse* of counsel [*Eidlitz & Hulse,* attorneys], for the appellants.

*Kenneth M. Spence* of counsel [*Louis S. Weiss* with him on the brief; *Spence & Hopkins,* attorneys], for the respondent.

PROSKAUER, J. · The plaintiff association, an unincorporated labor union, Local No. 463 of the United Association of Plumbers and Gas Fitters of the United States and Canada, entered into an agreement with the two defendants, the Manhattan and Bronx unincorporated associations of employing plumbers. The agreement is described as a " mutual compact for the establishment and maintaining of a standard rate of wages and for settling of differences which may arise between the members." It provides that the master plumbers when employing plumbers shall give preference to the members of the union, and that the members of the union in seeking employment shall give preference to such master plumbers as employ union labor only. It contains no restriction of the locality to which its terms are applicable. Indeed, in article 3 it is provided that where men are sent to work outside of the city, they shall be considered as working in accordance with conditions existing in New York city; and by article 8 it is provided: " When a man is laid off he shall be paid off including return transportation." It is thus clearly inferable that there was no intent to confine the locality governed by the agreement to the boroughs of Manhattan and The Bronx. By article 7, as modified, it is provided that if during the life of the agreement " any pipe trade in New York City receives over $12.00 per day by agreement, the members of Local No. 463 will receive the same increase." In Brooklyn another local of the same national union with which the plaintiff union was affiliated called a strike to secure a wage of fourteen dollars a day and a five instead of a five-and-a-half day working week. On the day that the Brooklyn strike was called, all the members of the plaintiff union who had been employed on Brooklyn jobs by Bronx and Manhattan master plumbers, simultaneously quit work. While their number was relatively small, they struck in sympathy

First Department, June, 1927.　　　[Vol. 221

with their Brooklyn fellow-workers. The defendants' request to have these men return to work was refused by the officials of the plaintiff union with the statement that plaintiff was a union, not an organization of strikebreakers. Upon plaintiff's continued refusal to permit any of its members to work for the members of the defendant associations on any construction in Brooklyn, the defendants ordered a lockout. This appeal is from an order enjoining the defendants from continuing such lockout.

It is contended by the plaintiff that the real motive of the defendants was not merely to secure the return to work of those members of the plaintiff association who had quit work in Brooklyn, but rather to safeguard themselves as far as possible by co-operating with the Brooklyn master plumbers to defeat the attempt to raise wages in Brooklyn, because this attempt, if successful, would, under the 7th clause of the agreement heretofore quoted, mean an automatic raise of wages in Manhattan and The Bronx.

If motives were determinative of this appeal, we should hold that the primary motive of union and master plumbers was, respectively, to gain and to defeat a wage increase. We are dealing here, however, with a question of legal right. Unless surrendered by agreement, the right to lockout was correlative with the plaintiff's right to strike. No injunction may issue if the agreement was essentially breached by plaintiff, or if it did not prohibit a lockout.

The plaintiff by its own conduct lost its right to enforce any covenant against a lockout which might be implied. Refusal to order back to work the men who concertedly left in Brooklyn was a direct participation in a strike against these members of the defendants' associations. These employers had a perfect right to accept contracts in Brooklyn. The plaintiff's attitude amounted to a refusal to permit any of the defendants' members to do any work in Brooklyn. The plaintiff could not arbitrarily permit its members to join in the Brooklyn strike, directed in part against members of the defendants, refuse to permit its men to work in in Brooklyn, and then claim that the defendant must sit idly by and suffer the consequences of this strike and the patent attempt by indirection to force up the wage scale in Brooklyn to the union's consequent advantage. The plaintiff declared war; the defendants had a right to resist the attack.

The plaintiff claims, however, that the defendants had no right to institute a lockout without resort to arbitration. By article 16 of the agreement an arbitration board was created whose " decisions are to be final and binding." If this clause stood alone, there might be force to the plaintiff's contention. But by article 17

it is provided that where the arbitration board declares any person guilty of a violation of the agreement, " the respective association of which he is a member shall determine the penalty." Article 18 provides that members declared guilty of charges shall have the right to appeal to their respective associations. The so-called arbitration clauses are, therefore, wholly illusory. Moreover, if arbitration were required, it would be incumbent upon the plaintiff to claim it before participating in the Brooklyn strike. In complete disregard of the arbitration clause, it made no request to the employers to arbitrate with reference to the Brooklyn jobs of the Manhattan and Bronx master plumbers. Therefore, plaintiff cannot resort to the arbitration clause as a bar to the employers' retaliatory lockout.

The agreement, moreover, which plaintiff itself breached, contains no covenant against strike or lockout. It concededly contains no such express covenant, nor can one fairly be inferred from its terms.

Article 15, which gave the union a right to strike, among other causes, " where the conduct of the job has been detrimental to union labor," left plaintiff free to strike for almost any cause whatever. Such a provision is inconsistent with the claim under the principle of *Wood* v. *Duff-Gordon* (222 N. Y. 88) that the agreement was instinct with an obligation of the employers not to lockout. If covenants should be implied, it would be more reasonable to imply in this contract a right on the part of the employers to lockout for conduct detrimental to the good of the trade correlative with the right of the men to strike for conduct detrimental to union labor.

To justify this drastic temporary injunction, the plaintiff was required to show a clear legal right and a threatened irreparable injury. It shows neither. The interference of a court of equity in labor disputes directed either against employer or laborer should be exercised sparingly and with caution. (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.