ALFRED J. MAPLESON et al., Respondents, v. EDWARD B. MARKS MUSIC CORPORATION, Appellant.

Order affirmed, with $20 costs and disbursements to the respondents.

VAN VOORHIS, J. (dissenting). Apart from the lack of a complete meeting of the minds of the parties in this contract, insofar as it states that these operatic scores shall be reproduced "by a printer to be selected by mutual agreement" (see appeal from prior complaint, 277 App. Div. 978), it involves an undertaking which "by its terms is not to be performed within one year from the making thereof" (Personal Property Law, § 31, subd. 1). The essence of the agreement is that defendant-appellant is given the right to be exclusive distributor throughout the world for a period of five years of arrangements of operatic scores prepared by plaintiffs for nineteen operas. Plaintiffs-respondents agree to pay the cost of printing these publications, and defendant-appellant promises to arrange for the distribution of not less than five hundred copies of each opera. The agreement is partly written and partly oral. The parties orally agreed upon the nineteen operas whose scores were to be produced, and upon the list prices at which such scores were to be sold to the public. Inasmuch as these essential parts of the contract were oral, it is required by the Statute of Frauds to be capable of being performed within one year.

Although it is true that five hundred copies of each of these nineteen operas might be printed within one year from the signing of the contract, the effect of the agreement in conferring an exclusive distributorship upon defendant-appellant for five years is to prevent plaintiffs-respondents from marketing their scores through other outlets during that length of time, and to compel them to finance the printing of whatever number defendant-respondent does market during the term of five years. The duration of the contract is really ten years, since it automatically renews itself for a second period of five years unless both parties agree otherwise. Such an arrangement implies an obligation on the part of defendant-appellant to use reasonable efforts to market these scores during the term of the contract (*Wood* v. *Duff Gordon*, 222 N. Y. 88, 92). Five hundred copies of each opera is merely the guaranteed minimum.

The order appealed from should be reversed, with $20 costs and disbursements to defendant-appellant, and defendant-appellant's motion should be granted dismissing the complaint.

Dore, J. P., Cohn and Shientag, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse and grant the motion, in an opinion in which Callahan, J., concurs.

Order affirmed, with $20 costs and disbursements to the respondents. No opinion. [See *post*, p. 942.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MOLLIE PORTNOY, Respondent, against ANN STRASSER, Appellant.— Order unanimously affirmed, with $20 costs and disbursements. No opinion. Present — Glennon, J. P., Cohn, Callahan, Shientag and Heffernan, JJ. [See *post*, p. 942.]