■ In the Matter of DUDLEY STRAKER et al., Respondents, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— Appeal by the State Rent Administrator from an order which annulled his determination denying decontrol of housing accommodations and directed issuance of decontrol orders. Order reversed, without costs, and proceeding dismissed, without costs. The record supports the State Rent Administrator's finding that the alterations made by respondents merely legalized pre-existing illegal accommodations, and thus did not create additional housing accommodations warranting decontrol (*Matter of Phillips* v. *Weaver,* 7 A D 2d 927). Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., dissents and votes to affirm the order, with the following memorandum: Although I concurred in the determination in *Matter of Phillips* v. *Weaver* (7 A D 2d 927), I now state, upon reconsideration, that I agree with the sound and logical reasoning of the Justice at Special Term in this proceeding.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN F. McBRIDE, Appellant.— Appeal (1) from a judgment rendered by the County Court, Suffolk County, sentencing appellant, after he had been found guilty by a jury of robbery in the first degree, to serve from 15 to 30 years, and (2) from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ MAX SIMON, Respondent, v. LEAH APPELBAUM, Appellant, et al., Defendant.— In an action to recover damages for personal injuries alleged to have been caused by the negligent operation of a motor vehicle, the appeal is from so much of an order as granted a motion for summary judgment striking out appellant's answer. Order modified (1) by striking from the first ordering paragraph everything commencing with the word "granted" and by substituting therefor the words "denied, and it is further" and (2) by striking from said order everything following the words "Theodore Appelbaum" in the second ordering paragraph. As so modified, order insofar as appealed from unanimously affirmed, with $10 costs and disbursements to appellant. The papers present triable issues which may not be resolved upon a motion for summary judgment. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ FRED G. STEINHILBER et al., Doing Business as HAMILTON SPECIALTY COMPANY, Appellants, v. CHALLENGER STEEL PRODUCTS CORP., Respondent.— In an action to recover damages for breach of contract, the appeal is from an order dismissing the complaint for insufficiency. It is alleged that respondent employed appellants on commission as sole distributor of its products. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Respondent, if so advised, may serve its answer within 10 days after the entry of the order hereon. The contract as pleaded does not lack mutuality. It is instinct with an obligation on the part of appellants to make a reasonable effort to sell the products of respondent, with price and other essential terms to be determined by the manufacturer (*Wood* v. *Duff-Gordon,* 222 N. Y. 88). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.