George P. Stier, J.
This is a motion by the defendant to dismiss the complaint for legal insufficiency.
The action is for damages allegedly sustained by reason of the breach of a written contract and a written ‘1 codicil ” thereto. The contract contains a recital that the defendant ‘1 manufactures and deals in certain chemicals, fertilizing and soil treatment products, and desires to appoint the Distributor [the plaintiff] its sole and exclusive sales agent covering the entire United States and its possessions.” The contract provides, inter alia, that the plaintiff shall act as the sole and exclusive distributor for the defendant for a period of 25 years, with a provision for renewal; that the defendant will sell to the plaintiff and the plaintiff will purchase from the defendant such of the defendant’s products as the plaintiff may require from time to time; that the defendant will hold the plaintiff harmless from any claims arising from the sale or offer to sell the defendant’s products by the plaintiff; that the defendant will not directly or indirectly sell or co-operate in the sale of the same or similar products sold or handled by it, and that thA plaintiff reserves the right to transfer the agreement to any named corporation set up to distribute the products.
The “ codicil ”, after reciting that it is a codicil to the aforesaid agreement, provides that the defendant will sell its products to the plaintiff at certain specified discounts from the original price of the products; that the defendant will reimburse the plaintiff’s customers with a specified percentage of the cost of the customers ’ local newspaper advertising; that the defendant will provide advertising at its expense in major market areas of the plaintiff’s customers and list therein the plaintiff’s cus *840 tomers by name and address in these areas and that the defendant will deliver directly to the plaintiff’s customers within a specified radius of New York City by free truck delivery and allow a specified freight charge credit on deliveries outside of that radius.
The defendant contends that the contract is void for lack of mutuality of obligation, inasmuch as it does not obligate the plaintiff to purchase any specified amount of defendant’s products or any of its products at all. It also contends that the contract cannot be held valid as one for the sale of requirements as there is no allegation that the plaintiff is in the business of selling garden products and fertilizers, and that it cannot be held to be a valid contract of employment as the plaintiff was not to be paid on the basis of the services it performed.
. It is true that the plaintiff is not bound by the terms of the “contract to purchase any of the defendant’s products or to act in any specified manner on behalf of the defendant. That point, however, was also made in the case of Wood v. Duff-Gordon (222 N. Y. 88), where the contract also provided that the plaintiff was to have a certain exclusive right for a specified period. The Court of Appeals said in a later case (Schlegel Mfg. Co. v. Cooper’s Glue Factory, 231 N. Y. 459, 463) that in the case of Wood v. Duff-Gordon (supra) although the ‘1 plaintiff did not promise that he would use reasonable efforts to place defendant’s indorsement and market her designs * * * this court held that such a promise was fairly to be implied; that when defendant gave to the plaintiff an exclusive privilege for a ■ period of one year, during which time she could not place her own indorsements, or market her own designs, except through the agency of the plaintiff, that the acceptance of such an exclusive agency carried with it an assumption of its duties.” (Emphasis supplied.)
In the recent case of Steinhilber v. Challenger Steel Prods. Corp. (9 A D 2d 695) where the plaintiff’s obligations were also not expressed in the contract, the Appellate Division for this Department held that the contract, which was similar to the one now at issue, did not lack mutuality. The contract provided that the plaintiff was appointed the sole distributor of the defendant “ Stulladder Line ” of ladders throughout the United States and Canada, but it did not obligate the plaintiff to sell any of the defendant’s ladders, nor did it recite that the plaintiff was in the business of selling or distributing ladders. Although the contract did provide that the plaintiff was to earn a specified commission on the orders for ladders it obtained, and was to endeavor to only send orders to the defendant which were good *841 credit risks, and m the event of nonpayment hy an account, would assist in the collection thereof, there was no express obligation to seek or solicit orders. The court said, however, that the contract ‘1 is instinct with an obligation on the part of appellants to make a reasonable effort to sell the products of the respondent ”.
So, also, in the case at bar, the court is of the opinion that the contract by clear implication obligates the plaintiff to make a reasonable effort to sell the defendant’s products. The plaintiff is appointed and shall act as the exclusive distributor for the defendant for at least 25 years; the plaintiff will purchase from the defendant such of the defendant’s products as the plaintiff may require; the defendant will sell its products to the plaintiff at a specified discount from the original price which implies compensation to the plaintiff for acting as the distributor, and the codicil repeatedly refers to the plaintiff’s customers. These latter references imply that the plaintiff had customers for the defendant’s products, and, therefore, it must be implied that it was in the business of distributing such products. Since the contract, therefore, clearly implies the nature of the plaintiff’s obligation, it does not lack mutuality. The motion is accordingly denied.