Samuel M. Gold, J.
There is no express provision in the agreements between plaintiff and its licensees which obligates them to purchase plaintiff’s stamps exclusively, except as to the 60-day period after the termination of the agreements. There is a provision that if the licensee shall use stamps of others, which may cause confusion or impair the good will of the “Licensor”, the latter may, at its option, terminate the agreement. In such event, the licensee would not, however, be guilty of a breach of the agreement. In these circumstances, no promise by plaintiff to fill all its licensees’ orders for its stamps may be implied. The case of Wood v. Duff-Gordon (222 N. Y. 88, 91), where a promise was implied, is clearly distinguishable. There defendant had given the plaintiff the exclusive rights to its designs and to market products made in accordance therewith. Defendant was to receive one half of the resulting revenues. A promise by plaintiff to use reasonable efforts to market the products was held to be implied. In the instant case, however, as previously pointed *328 out, the licensees did not covenant to use plaintiff’s stamps exclusively during the period of the license agreement and there is, therefore, no foundation for implying a correlative promise by plaintiff to fill all its licensees’ orders for stamps. As the licensing agreements contain no express covenant by plaintiff to fill all the licensees ’ orders for stamps, the agreements would appear to lack the mutuality of obligation which is necessary to justify equitable relief.
Plaintiff’s sales presentation, which its salesmen were expected to follow, instructed its salesmen to tell prospective licensees that there was “no term contract to sign” and that they had 11 no obligation to stay in as long as ten minutes ’ ’. Furthermore, the provision obligating licensees of plaintiff to refrain for a period of 60 days after the termination of their licenses from using- a competitive stamp or coupon plan appears to be penal in nature. It docs not benefit plaintiff, but merely punishes its licensees. The case is unlike covenants by a former employee not to compete for a specified period, for such covenants benefit the employer by eliminating the former employee’s competition.
In view of the foregoing, without considering the other points raised by defendants, plaintiff has failed to establish the clear right to relief which is necessary to be entitled to a temporary injunction. Motion denied. The order to be entered hereon may provide, at plaintiff’s opinion, for an early trial.