■ HUDSON T. MARSDEN, Appellant, v. JOAN F. MARSDEN, Respondent.— Judgment unanimously modified on the law and facts in accordance with the Memorandum, and as modified affirmed, without costs of this appeal to either party. Memorandum: The record requires a finding that the parties never intended that the purchase by defendant of her husband's interest in real property at the bankruptcy sale, the consideration for which was supplied by the husband, should change the beneficial interest of the parties in the property. "Though a promise in words was lacking, the whole transaction * * * was 'instinct with an obligation' imperfectly expressed (*Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91)." (*Sinclair* v. *Purdy,* 235 N. Y. 245, 254). Not to enforce the obligation of the defendant would result, as a consequence, in her unjust enrichment. We find that defendant holds the real property in issue in trust for the benefit of herself and the plaintiff as tenants by the entirety and defendant should convey by deed accordingly, upon the condition that plaintiff, within 20 days, voluntarily assume joint liability with defendant on any mortgage upon which defendant is presently individually liable. (Appeal from judgment of Monroe Trial Term for defendant dismissing the complaint and granting judgment to defendant on her counterclaim.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.