Abraham Schlissel, J.
Defendants, here under prosecution for violation of the Municipal Code, challenge the existence of the ordinance referred to and insistently contend that same was never validly enacted and is not now in force.
It is, in essence, defendants’ claim that this article (and, in particular, section 10-814.3 thereof) is not now enforceable because in purportedly enacting it the Long Beach City Council undertook to amend a previously repealed statute" by adding a new section thereto.
Specifically defendants argue that the City Council erred and its action of September 12, 1967 (when it purportedly passed Ordinance No. 855 which includes section 10-814.3) was a nullity because its enactment resolution stated that “ Chapter 10, Article 8 of- the Municipal Code of the City of Long Beach, duly enacted by the Council of the City of Long Beach on December 3, 1957, shall be and the same hereby is amended by adding thereto a new section numbered Section 10-814.3 to read as follows: ”.
The difficulty with this councilmanic action, say defendants, is that chapter 10 of article 8 of the Municipal Code of our city as enacted on December 3, 1957 had already been repealed by Ordinance No. 749 enacted June 1, 1965 and reciting that “ Chapter 10, Article 8, Section 10-801 through 815 of the Municipal Code be and the same are hereby repealed and superseded.”
From the foregoing defendants argue with considerable logic and much persuasiveness that it is impossible to “ amend ” (in September of 1967) a provision which had been “ repealed ” (in June of 1965).
Although several times invited to cite authority in support of this very interesting proposition, defendants have failed to do so, nor indeed has the Corporation Counsel to whom similar invitations were extended produced any authority in support of his claim of validity.
This court therefore finds itself compelled to consider this matter as one of “ first impression ” complicated by the repeat *740 edly-expressed admonition to courts of first instance to exercise great restraint in declaring legislative enactments either unconstitutional or unenforceable.
This court cannot, of course, condone the error into which the City Council fell when on September 12, 1967 it undertook to 1 ‘ amend ’ ’ a nonexistent and previously ‘ ‘ repealed ’ ’ ordinance; nor can it excuse the incredible confusion and proliferation of enactments which induced, if they did not, indeed, cause this regrettable error.
Nonetheless, as matter of original determination and in an effort to validate and make effective the clearly expressed intent of a unanimous City Council (as expressed in Ordinance No. 855 of September 12, 1967), this court rejects defendants’ contentions and each and all of them, and holds that section 10-814.3 (of article 8, chapter 10 of the Long Beach Municipal Code) was validly enacted and was on the date of commencement of this prosecution, and now remains, in force and effect.
The court further decides and now rules that the reference in Ordinance No. 855 to “ amendment ” of the already-repealed ordinance of December 3, 1957 should and may safely and properly be disregarded.
This determination is made by the court with full consciousness of the fact that this is a criminal statute which it is construing and that it is under a continuing mandate to construe such a statute strictly.
Nonetheless, this court firmly believes that no legitimate interest of these or any other defendants (present or prospective) will be adversely affected by the instant determination; that no defendant can possibly have changed his position in reliance upon astute counsel’s discovery of the asserted irregularity of this enactment, and that a fair balancing of the public against the private interests here involved not alone justifies but virtually mandates the conclusion here reached.
As the late and truly great Judge Cardozo said in Wood v. Duff-Gordon (222 N. Y. 88, 91), in a different context but in language which is equally appropriate here: ‘ ‘ The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. ’ ’
Let the parties proceed accordingly.
(Supplemental Opinion.)
Neither of the two cases cited by counsel for these defendants has served to alter this court’s earlier opinion that the statute here under review is not invalid.
*741 Besides the substantial and indeed decisive factual difference between the statutes under consideration in both Tiger Creek Bus Line v. Tiger Creek Transp. Assn. (187 Tenn. 654), and State v. Holt (121 Mont. 459), the court notes that in Holt the issue was determined by a Montana statute which expressly provides that ‘ ‘ An act amending a section of an act repealed is void
With the greatest of respect for the courts which decided both cited cases, and with special commendation for counsel whose tireless research unearthed them, this court believes neither to be in point here or determinative of the problem here presented.
As this court noted in its earlier opinion, no one could possibly have been or can now be in doubt as to the intent of the City Council and no one could conceivably have been misled by the inexcusably careless manner in which this matter was handled.
If this court believed that any substantial damage was or could possibly have been suffered by any property owner because of the error which was committed here, it would not hesitate to strike down this ordinance, however loud the clamor or however strident the complaint against its action; noteworthy in this connection is the court’s action in preliminarily expressing its intention to declare unconstitutional the earlier sprinkler ordinance (on grounds developed by its own research and considered by it to be of major significance).
Here, however, the mistake admittedly made was technical and not substantive and it would, in this court’s judgment, require an intolerable deification of form over substance to strike down this ordinance for the reasons originally urged upon it.
Having become aware of their failure to impress this court with their arguments as to the unconstitutionality of the ordinance because of supposed error in its enactment, defendants now urge a declaration of nullity upon the ground of vagueness which, they insist, consists in the absence of a clearly-charted course of conduct to be followed by one affected thereby.
In the court’s judgment, the guidelines laid down by the statute are sufficiently clearly expressed to enable these defendants, or any other homeowners, to properly evaluate the burdens imposed upon them to take appropriate action to relieve themselves against any charge of disobedience of its mandate. It may perhaps be true, as defendants argue, that the statute could have been made somewhat more specific. However, the court does not agree that the framers of a statute of general application are required to spell out in express terms the most minute aspects of the obligations imposed upon homeowners by *742 the statute. It is the court’s opinion that any homeowner could, by the most minimal of effort, have made inquiry and obtained ready information as to just what he had to do to satisfy the mandate of the statute.
For the reasons hereinabove stated, as well as those stated in the court’s opinion of September 17, 1969, the attacks of the several defendants upon the validity of this statute are rejected, and the ordinance here involved is expressly held to be constitutional, valid and enforceable.
Let the parties proceed accordingly.
It should be noted that in the Hempstead Bank case defendant, after the court’s oral announcement of its views, elected to withdraw its challenge of the validity of the statute, and to plead to some of the counts of the information against it. Defendant, Chickray, on the other hand, elected, as he had every right to do, to continue with the challenge, and trial of the charges against him will proceed at a time to be fixed by the court.