## SECOND DEPARTMENT, OCTOBER, 1982

### (October 4, 1982)

■ GEORGE ANGELASTRO, Respondent, v KINGS PLAZA A.M.C., INC., et al., Defendants, and AMERICAN MOTORS REALTY CORPORATION, Appellant. — In an action, *inter alia,* to recover upon a lease, defendant American Motors Realty Corporation appeals from so much of an order of the Supreme Court, Kings County (Composto, J.), dated May 28, 1981, as denied its motion for summary judgment insofar as it was to dismiss the third and fourth causes of action of the complaint. Order affirmed, insofar as appealed from, with $50 costs and disbursements. On May 1, 1973 the plaintiff landlord and the tenant, defendant American Motors Realty Corporation (American Motors), entered into a lease for a parcel of real property located on Flatbush Avenue in Brooklyn. The

lease was to expire on April 30, 1978, although, by rider, the tenant had one five-year option, at an increase in rent, and the tenant had the right to assign the lease to a franchised dealer. Between May 1, 1973 and October, 1973 American Motors caused to be removed from the premises a concrete slab and a one-room frame office building, with dimensions of 12 feet by 20 feet, which had been erected on top of the slab. It is not clear from the record whether codefendants Kings Plaza A.M.C., Inc., and Kings Plaza A.M.C. Jeep, Inc., or either of them, also occupied the premises during this period. At the end of the term of the lease, American Motors vacated the premises. Thereafter, from May 1, 1978 through January 9, 1980, the codefendants occupied the realty. Plaintiff landlord claims that this was done pursuant to an assignment of the lease. Defendant American Motors denies making any assignment and claims that plaintiff entered into an oral lease directly with the codefendants after April 30, 1978. The concrete slab and building were never restored to the property. Subsequently, the plaintiff commenced the instant action. The first cause of action sought recovery of rent and the second cause of action sought recovery of the cost incurred for cleanup. In the third cause of action plaintiff sought to recover the cost of replacing the concrete slab and one-room office building. The fourth cause of action, which was derivative of the third, was for the recovery of attorney's fees pursuant to a provision of the lease. American Motors moved for summary judgment to dismiss the complaint. The motion was granted as to the first two causes of action but denied as to the latter two. Concerning the third cause of action, American Motors argued that it was for waste and was therefore barred by the three-year Statute of Limitations. Special Term, however, disagreed, finding that "plaintiff's third cause of action is for breach of defendant's implied duty to surrender the demised premises at the expiration of the term in the same condition as they were in at the commencement of the lease." Accordingly, the court held that the third · cause of action accrued at the expiration of the lease on April 30, 1978, and was therefore timely. Special Term properly denied summary judgment as to the third and fourth causes of action. While there is no express provision in the lease which permitted American Motors to remove the building and concrete slab from the premises, the papers raise a factual issue as to whether the plaintiff acquiesced in the removal based on an implied agreement that they would be replaced at the end of the lease's term. American Motors' argument that since the lease was a detailed one and contained no such covenant, therefore, Special Term was bound thereby and could not imply such a covenant, is unpersuasive. In *Rowe v Great Atlantic & Pacific Tea Co.* (46 NY2d 62, 69) the Court of Appeals wrote: *"That a particular provision has not been expressly stated in a contract does not necessarily mean that no such covenant exists. As was eloquently stated by Judge* CARDOZO, *'[t]he law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day. A promise may be lacking, and yet the whole writing may be "instinct with an obligation," imperfectly expressed' (Wood v Duff-Gordon, 222 NY 88, 91, quoting McCall Co. v Wright, 133 App Div 62, 68). More succinctly expressed, 'the undertaking of each promisor in a contract must include any promises which a reasonable person in the position of the promisee would be justified in understanding were included' (5 Williston, Contracts [rev ed, 1937], § 1293, p 3682).* Nonetheless, a party who asserts the existence of an implied-in-fact covenant bears a heavy burden, for it is not the function of the courts to remake the contract agreed to by the parties, but rather to enforce it as it exists. Thus, a party making such a claim must prove not merely that it would have been better or more sensible to include such a covenant, but rather that

the particular unexpressed promise sought to be enforced is in fact implicit in the agreement viewed as a whole" (emphasis added). In view of the foregoing, there is a question of fact as to whether there was an implied covenant whereby American Motors agreed to restore, at the expiration of the term of the lease, the premises to the same condition that they were in at the commencement of the term. Weinstein, J. P., Gulotta, O'Connor and Rubin, JJ., concur.