Hancock, Jr., J.
(concurring). Like the concurring Justice at the Appellate Division,* I cannot disagree with the majority’s conclusion that dismissal of the complaint is compelled by our decisions in Murphy v American Home Prods. Corp. (58 NY2d 293) and Weiner v McGraw-Hill, Inc. (57 NY2d 458). Because the majority bases its decision on stare decisis and shows no inclination to relax the strict Murphy-Weiner employment at-will rule, I am constrained to concur in its result.
I add only that the effect of applying the Murphy-Weiner rule to require dismissal of plaintiff’s second, fourth, and sixth causes of action seems particularly unfortunate. The thrust of these causes of action is that plaintiff was fired for doing precisely what he was compelled to do by defendant’s written "Accounting Code”. This code states, among other things, "[i]t is corporate policy to prohibit illegal or improper payments from company funds or assets * * * It is the responsibility of every employee promptly to report to General Counsel any knowledge of infractions of this policy. Any employee who fails to follow these policies will incur a penalty. Such penalty will range from lack of promotion (censure), to demotion or dismissal”. Plaintiff alleges he was fired for reporting improper activities pursuant to this policy. Under the MurphyWeiner rule as applied, defendant is precluded from claiming that the law, under the circumstances he alleges, imposes an obligation on the employer not to fire him for doing what he *338 may be fired for failing to do. Relaxing the Murphy-Weiner rule to recognize an implied duty under these circumstances would not require an abandonment of the Murphy rule that a good-faith obligation will not be read into all employment at-will contracts. Such limited exception — "that in every contract there is an implied undertaking on the part of each party that he will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his part” (Grad v Roberts, 14 NY2d 70, 75) — is consistent with basic rules of contract law and has ample support in precedent and other recognized authority (see, e.g., Murphy v American Home Prods. Corp., supra, at 310-311 [Meyer, J., dissenting]; Grad v Roberts, supra, at 75; Wood v Duff-Gordon, 222 NY 88, 91; Wakefield v Northern Telecom, 769 F2d 109, 112; 22 NY Jur 2d, Contracts, § 201 [1982]; Restatement [Second] of Contracts § 205 [1979]).
Chief Judge Wachtler and Judges Simons and Titone concur with Judge Bellacosa; Judge Hancock, Jr., concurs in result in a separate opinion; Judges Kaye and Alexander taking no part.
Order affirmed, with costs.

Justice Ellerin concurred in the result on constraint of Murphy v American Home Prods. Corp. (58 NY2d 293).